## NATHANIEL GAY *vs.* ABIGAIL C. GAY.

Only parties of record are excluded from being witnesses by Gen. Sts. *c.* 131, § 14, which provide that, where one of the original parties to the contract or cause of action in issue and on trial is dead, the other party shall not be admitted to testify in his own favor.

After the introduction of evidence tending to show that money has been sent by a debtor to his creditor, the declarations of the agent to whom the money was intrusted, accompanying the act of paying over the same, are competent for the purpose of proving that the creditor was then informed that the debtor desired the same to be applied upon a particular demand.

CONTRACT brought by the indorsee of two promissory notes against the administratrix of Fisher Gay, the maker. The defence was that the notes were barred by the statute of limitations.

At the trial in the superior court, before *Ames*, J., it appeared that the notes were made by the defendant's intestate, payable on demand with interest, to Sanford Gay, or order, and by him indorsed to the plaintiff. Each was dated more than six years before the commencement of the action, but bore indorsements of payments within that time. Zilpah Shaw testified, by deposition, that money was left with her by the wife of Fisher Gay to be paid to Sanford Gay. Sanford Gay was then called by the plaintiff as a witness. The defendant objected to his competency, upon the ground, which was, as the defendant contended, established by the examination of the witness upon the *voir dire*, that he was the real party in interest in this suit; but the judge permitted him to testify. He stated that the money referred to by Zilpah Shaw was paid to him by her. The plaintiff then inquired what she said at the time of making the payment. This was objected to, but admitted; and he replied that she said it was money left for him by Fisher Gay, to be indorsed on his notes.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. E. Carpenter*, for the defendant.

*E. Ames*, for the plaintiff.

CHAPMAN, J. Sanford Gay, not being a party to the record, was a competent witness. All disqualification on account of interest is removed by the statute. *Bigelow* v. *Heyer*, 3 Allen, 243. The death of Fisher Gay would have excluded his testimony if he had been plaintiff of record, but not otherwise Gen. Sts. *c.* 131, § 14.

The declarations of Zilpah Shaw, accompanying the act of paying money to Sanford Gay to be applied on the notes, were competent as part of the *res gestæ.* It appears by her deposition, which is referred to in the bill of exceptions, that Fisher Gay sent money by her to be paid to Sanford Gay, but it does not appear that he expressly directed that it should be paid on these notes. Yet this is not material, nor is her declaration to Sanford Gay material ; because the money was at least sent by Fisher to be paid to him, without directions to apply it on any other debt. In the absence of such directions, the creditor would have a right to apply it on these notes. If a debtor pays money without appropriating it, the creditor has a right to appropriate it on such debt as he pleases. *Brewer* v. *Knapp*, 1 Pick. 332. *Washington Bank* v. *Prescott*, 20 Pick. 339. Indeed it does not appear that Sanford Gay had any other claims upon which it could have been applied. *Exceptions overruled.*